late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**Jinqiang LI and Yan Li, Petitioners,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–0166–ag.

United States Court of Appeals, Second Circuit.

Dec. 21, 2005.

Gary J. Yerman, New York, New York, for Petitioner.

Rod J. Rosenstein, United States Attorney for the District of Maryland, Allen F. Loucks, Assistant United States Attorney, Baltimore, Maryland, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Jinqiang Li, through counsel, petitions for review of the Board of Immigration Appeals ("BIA") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision in conjunction with the BIA's decision even though the BIA did not expressly adopt the IJ's reasoning. *Zhou Yun Zhang v. INS,* 386 F.3d 66 (2d Cir.2004). Where the BIA supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005) (citing *Niam v. Ashcroft,* 354 F.3d 652, 655–56 (7th Cir.2004)).

■ The IJ denied Li's asylum claim because he did not file his application within one year of entry in the United States and did not prove that extraordinary circumstances prevented him from filing on time. With the passage of the REAL ID Act, there now exists a question as to whether this Court has jurisdiction to review an IJ's extraordinary circumstances finding under 8 U.S.C. § 1158(a)(3). We do not need to reach that question, howev-

er, because whether or not we do have jurisdiction, it is clear that the reasons for the petitioner's delay in filing his asylum application do not constitute extraordinary circumstances.

Li provided several explanations for his late filing, including: his inability to obtain his supporting documents immediately, previous attorneys turned down his case because he was outside of the one-year time line, and his daughter's presence in the United States made it easier for him to find an attorney to help him with his applications, none of which are extraordinary. Even if there were extraordinary circumstances, he did not file within a reasonable time after the circumstances had been resolved. Li filed his application two and a half years after obtaining all of his documents. Moreover, even if this Court were to consider Li's argument that he was unable to file his application until his daughter came to the United States to assist him, he did not file within a reasonable time of her entry. Therefore, Li's asylum application is barred by the one-year time requirement of 8 U.S.C. § 1158(a)(2)(B).

■ The IJ and BIA, however, did err in their analysis of Li's withholding of removal claim. At no point does the IJ make an adverse credibility finding regarding Li's testimony about his wife's forced sterilization. Both the IJ and the BIA accept that the involuntary procedure took place. (A 2, 42) Although past persecution is not a separate statutory basis for granting withholding of removal as it is for asylum, *see* 8 C.F.R. § 208.13(b)(1)(iii), evi-

1. Li's application listed his daughter, Yan Li, as a derivative beneficiary. At the time the application was filed in 2001, Li's daughter was unmarried and under 21 years of age, making her a child for the purposes of derivative status. She reached the age of 21 on December 23, 2003, but she remains a benefi-

ciary of Li's application because she is not married and was initially listed as such on Li's application. *See* 8 U.S.C. § 1158(b)(3)(B); *see also Akhtar v. Gonzales,* 406 F.3d 399, 406–07 (6th Cir.2005); *Dandan v. Ashcroft,* 339 F.3d 567, 570 n. 1 (7th Cir. 2003).

dence of past persecution does raise a presumption of future persecution just as in the asylum analysis, 8 C.F.R. § 208.16(b)(1)(i). The IJ neglected to discuss this presumption in denying Li's withholding of removal claim.

The BIA, moreover, alluded to Li's wife's sterilization but upheld the IJ's decision because Li did not also prove that future persecution in China was more likely than not. The fact that one spouse has been forced to undergo an abortion can also establish past persecution of the other spouse. *Qiu v. Ashcroft,* 329 F.3d 140, 148 (2d Cir.2003). In its decision in this case, the BIA acknowledges that its decision in *Matter of Y-T-L-,* 23 I & N Dec. 601, 605, 2003 WL 21206539 (BIA 2003) recognizes "the continuing nature of the persecution" occasioned by a prior act of forced sterilization. The BIA, however, affirmed the denial of Li's withholding claim on the grounds that he did not prove that future persecution was more likely than not. Assuming Li was credible regarding his wife's forced sterilization, there is a rebuttable presumption of future persecution, and it would no longer be Li's burden to prove the likelihood of future persecution. 8 C.F.R. § 208.16(b)(1)(i); *see also Matter of Y-T-L-,* 23 I. & N. Dec. at 604–605. The BIA does refer to the credibility problems with some of Li's documents, perhaps in an effort to question the petitioner's credibility, but it is unclear why the BIA is discussing them here. Since the IJ did not find that Li was incredible regarding his wife's sterilization, the BIA is not permitted to determine that on its own. 8 C.F.R. § 1003.1(d)(3)(iv). Accordingly, the case is remanded to the BIA for further proceedings, including determination of whether there is evidence to rebut the presumption of continuing persecution as it recognized by its citation to *Matter of Y-T-L-,* to decide whether Li is eligible for withholding of removal.

■ Finally, Li did not directly challenge the IJ's denial of his CAT claim to the BIA, but it is considered exhausted because the BIA ruled on the CAT claim anyway. *Waldron v. INS,* 17 F.3d 511, 515 n. 7 (2d Cir.1993). Li's claim of future torture rests only on his fears relating to his "illegal" exit from China. We have recently held that such generalized claims, without particular evidence to support them, are an insufficient basis on which to award CAT relief. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–61 (2d Cir.2005). That said, even though a presumption of future harm arising from past harm does not arise in a CAT claim, past harm can be considered. 8 C.F.R. § 208.16(c)(3). Yet even if this Court considers Li's wife's sterilization as one factor in his CAT claim, he has not provided any evidence that it is more likely than not that he would be tortured on this ground or any other ground if he returns to China. Accordingly, the IJ's denial of the CAT claim, and the BIA's affirmance of that denial, are supported by substantial evidence in the record.

Accordingly, the petition is GRANTED in part and DENIED in part, and the case is REMANDED to the BIA for review in accordance with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).